UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS JAMES MARTIN,

          Petitioner,                         Case No. 21-cv-12920
                                              Hon. Matthew F. Leitman

v.

JOHN CHRISTIANSEN,

          Respondent.

_____/

## ORDER GRANTING PETITIONER'S
## REQUEST FOR AN EVIDENTIARY HEARING

Petitioner Thomas James Martin is a state prisoner in the custody of the Michigan Department of Corrections.  On December 14, 2021, Martin filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  Martin, proceeding through counsel, seeks relief from his state-court convictions for first-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. (*See id*.)

As relevant here, Martin claims that his trial counsel performed deficiently. He says that his counsel should have moved to suppress an inculpatory custodial statement he made on the ground that the investigating officers violated *Arizona v. Roberson*, 486 U.S. 675 (1988), by questioning him and obtaining the statement even though he had invoked his right to counsel during an earlier interrogation on an

1

unrelated offense (the "Roberson Ineffective Assistance Claim"). Martin has requested an evidentiary hearing on that claim. (*See* Pet., ECF No. 1, PageID.54.) The Court concludes that Martin is entitled to an evidentiary hearing on the Roberson Ineffective Assistance Claim because (1) the state court decision denying that claim is based on an unreasonable determination of facts; (2) Martin diligently sought an evidentiary hearing on the claim in state court and was denied a hearing; and (3) Martin asserts factual allegations which, if true, entitle him to federal habeas relief.

# I

The Court begins with a brief overview of the holding in *Roberson*. That overview provides a helpful context for the factual background of the Roberson Ineffective Assistance Claim.

In *Roberson*, the Supreme Court clarified the scope of the rule that it had earlier adopted in *Edwards v. Arizona*, 451 U.S. 477 (1981). In *Edwards*, the Supreme Court held that a suspect who has "expressed his desire to deal with the police only through counsel is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Id*. at 484-85. In *Roberson*, the State of Arizona asked the Supreme Court "to craft an exception to that rule for cases in which the police want to interrogate a suspect about an offense

that is unrelated to the subject of their initial interrogation. *Roberson*, 486 U.S. at 677.  The Supreme Court declined to do so. *See id.*  The Supreme Court explained that once counsel has been requested, a presumption arises that the suspect "considers himself unable to deal with the pressures of custodial interrogation without legal assistance," and that presumption "does not disappear simply because the police have approached the suspect, still in custody, still without counsel, about a separate investigation." *Id.*  Simply put, under *Roberson*, if a suspect who is being interrogated about a particular offense invokes his right to counsel, he may not be questioned about a different offense unless and until counsel is present or the suspect initiates communication.

## II

### A

The Court now turns to the facts of this case.  Martin's convictions arise from the death of Markeith Howard.  Howard was shot on June 14, 2017, when he arrived at his home on Artesian Street in Detroit, Michigan. *See People v. Martin*, No. 344884, 2020 WL 2095929, at *1 (Mich. Ct. App. Apr. 30, 2020). Howard survived for approximately five weeks before dying from his injuries.  *See id.*

In 2018, Martin went on trial for Howard's murder.  The prosecution's theory was that Martin shot Howard in retaliation for the shooting of Martin's co-defendant Arthur Rosemond ten days earlier.   The prosecution presented evidence that

Rosemond believed that Howard was responsible for the earlier shooting and recruited Martin to carry out the retaliatory shooting.   A key piece of the prosecution's case was an inculpatory statement that Martin made during a custodial interrogation concerning the Howard murder on August 11, 2017 (the "Howard Custodial Interrogation").   In that statement, Martin told investigators from the Detroit Police Department (the "DPD"), among other things, that he had shot Howard.  The prosecution highlighted the statement Martin made during the Howard Custodial Interrogation in its opening statement and closing argument.

Martin's defense was that he was not present at the shooting and that DPD investigators used deceptive and coercive interrogation tactics to induce a false confession.

The jury convicted Martin as charged.  The state trial court then sentenced him to a mandatory sentence of life in prison without the possibility of parole for the first-degree murder conviction and to lesser terms of years for the other convictions.

**B**

Following his convictions, Martin filed a direct appeal in the Michigan Court of Appeals.  In that appeal, he presented the Roberson Ineffective Assistance Claim. The facts underlying that claim are as follows.  Martin says that shortly before DPD investigators initiated the Howard Custodial Interrogation, he had been subject to a separate custodial interrogation concerning an armed robbery/carjacking (the

"Armed Robbery/Carjacking Custodial Interrogation"). (*See* Martin Aff., ECF No. 4-27, PageID.1345.)  He says that during the Armed Robbery/Carjacking Custodial Interrogation, he invoked both his right to remain silent and his right to counsel, and he says that DPD investigators ended the interrogation when he did so. (*See id*.)  He then notes that after the Armed Robbery/Carjacking Custodial Interrogation ended, he was arraigned on carjacking and armed robbery charges. (*See id*.)  Finally, he says that shortly after the arraignment, DPD investigators initiated the Howard Custodial Interrogation even though he had invoked his right to counsel during the earlier Armed Robbery/Carjacking Interrogation. (*See id*.)  He insists that prior to trial on charges arising out of Howard's murder, he repeatedly told his trial attorney about this sequence of events. (*See id*.)

As Martin's appeal progressed, he attempted to develop additional factual support for the Roberson Ineffective Assistance Claim.  On the same date that he filed his appellate brief on the merits, Martin filed a motion to remand in which he (1) stated that he intended to raise the Roberson Ineffective Assistance Claim and (2) asked the Michigan Court of Appeals to send the case back to the state trial court for an evidentiary hearing on that claim. (*See* Mot. to Remand, ECF No. 4-27, PageID.1585-1595; Am. Mot. To Remand, *id.* at PageID.1385-1389.[1])  In support

---

[1] A few days after Martin filed his initial motion to remand, he filed an amended motion that corrected a filing defect.  The amended motion did not include any substantive changes from the original motion.

of his motion, Martin submitted an affidavit in which he attested to the facts set forth in the paragraph immediately above.  He also attached to his motion to remand a certified record copy of the Register of Actions for the armed robbery/carjacking case showing that he was arraigned on that case on August 11, 2017, and that the charges were dismissed on September 13, 2017.  (*See* ECF No. 4-27, PageID.1392-1397.)

The Michigan Court of Appeals denied Martin's motion to remand "without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar." *People v. Martin*, No. 344884 (Mich. Ct. App. May 17, 2019). (ECF No. 4-27, PageID.1384.)

After Martin filed his appeal brief on the merits, but before the Michigan Court of Appeals had held a hearing on his appeal, Martin filed a second motion to remand in which he again asked the appellate court to send his case back to the trial court for an evidentiary hearing on the Roberson Ineffective Assistance Claim. (*See* ECF No. 4-27, PageID.1330-1364.)  Along with that motion, he presented new evidence that his attorney had acquired through a Freedom of Information Act Request to the DPD.  The new evidence consisted of records from the DPD (1) confirming that investigators had, in fact, attempted to interrogate Martin in connection with an armed robbery/carjacking investigation before they initiated the Howard Custodial Interrogation and (2) reflecting that Martin had "refused" the

Armed Robbery/Carjacking Custodial Interrogation.   The records that Martin submitted were the following:

1. **Constitutional Rights Certificate of Notification**, dated August 11, 2017, signed by Detective Derek Owens and Martin at 2:05 a.m.

2. **Interrogation Record**, completed by Detective Derek Owens on August 11, 2017, at 2:10 a.m. The form bears a handwritten note, "Refused."

3. **Interrogation Statement Form**, the form is dated August 11, 2017, lists a 2:20 a.m. start time, and indicates that the interrogating officers are from the "commercial auto theft" unit.   The form has two handwritten notes stating "Refused" and is signed by Detective Derek Owens.

(ECF No. 4-27, PageID.1352-1354.)

The Michigan Court of Appeals denied the second motion to remand "for failure to persuade the Court of the necessity of a remand." *People v. Martin*, No. 344884 (March 24, 2020). (ECF No. 4-27, PageID.1329.)

Because the Michigan Court of Appeals twice refused to remand for an evidentiary hearing, Martin was not able to develop any additional evidence in support of the Roberson Ineffective Assistance Claim during his direct appeal.

**C**

On April 30, 2020, a panel of the Michigan Court of Appeals affirmed Martin's convictions and rejected the Roberson Ineffective Assistance Claim.   The

7

judges on the panel were the same judges who had reviewed and denied Martin's

two motions to remand.

The court rejected the Roberson Ineffective Assistance Claim for the

following reasons:

> Martin next contends that defense counsel was ineffective for not moving to suppress his statement to Investigator Todd on the additional ground that the interview was improper under *Arizona v. Roberson*, 486 U.S. 675; 108 S. Ct. 2093; 100 L. Ed. 2d 704 (1988). Once a defendant invokes his right to counsel during custodial interrogation, that request must be honored "unless the accused himself initiates further communication, exchanges or conversations with the police." *People v. Paintman*, 412 Mich. 518, 525; 315 N.W.2d 418 (1982), quoting *Edwards v. Arizona*, 451 U.S. 477, 484; 101 S. Ct. 1880; 68 L. Ed. 2d 378 (1981). That rule also applies when the police subsequently attempt to question a defendant regarding a matter unrelated to the initial interrogation and the questioning officer is unaware that the defendant had previously ended the interrogation by requesting counsel. *Roberson*, 486 U.S. at 687-688.
>
> The police initially brought Martin into custody for charges of carjacking, armed robbery, and assault with intent to commit great bodily harm. Martin contends that he was interrogated in the carjacking case, but the interview ended when he invoked his right to counsel. He asserts that the invocation of the right to counsel in the carjacking case precluded the interrogation for the Howard murder. However, the motion to suppress filed by defense counsel did not argue that Martin's statement should be suppressed under *Roberson*, although counsel acknowledged that Martin had previously been charged with carjacking, armed robbery, and assault with intent to commit great bodily harm. That case was subsequently

8

dismissed, but the matter was still under investigation. Although Martin claims that he invoked his right to counsel to end an interrogation in the carjacking case, he relies only on his affidavit in support of that claim. He has not produced any documents from the carjacking case to show that he was interviewed in that case, or that the interview ended because he invoked his right to counsel. Without corroboration for his claim that he previously invoked his right to counsel to end any interview in the carjacking case, it is not reasonably probable that the outcome of the suppression hearing would have been different if counsel had raised this issue. Martin's affidavit alone does not support his request that this matter be remanded for an evidentiary hearing on this issue. *See People v. McMillan*, 213 Mich. App. 134, 141-142; 539 N.W.2d 553 (1995).

*Martin*, 2020 WL 2095929, at * 6-7.

### III

Where, as here, a state court has decided the merits of a claim, a federal habeas petitioner seeking an evidentiary hearing must first overcome the "relitigation bar" set forth in 28 U.S.C. § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). That is, a petitioner must show that the state court's decision (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). Where a petitioner makes such a

9

showing, a federal district court reviews the underlying legal claim *de novo* and is not limited to the record before the state court.  Moreover, where that showing is made, the "relitigation bar" does not preclude a federal court from holding an evidentiary hearing. *See Rice v. White*, 660 F.3d 242, 251 (6th Cir. 2011).

As explained below, Martin has demonstrated that the Michigan Court of Appeals' adjudication of the Roberson Ineffective Assistance Claim was based on an unreasonable determination of the facts in light of the evidence Martin presented.  Thus, the "relitigation bar" does not stand in the way of an evidentiary hearing on that claim.

## A

It is not easy to show that a state court decision is tainted by a factual error that is significant enough to satisfy Section 2254(d)(2).  To clear that hurdle, a petitioner must show that "the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (quoting 28 U.S.C. § 2254(e)(1)).  This is a substantially higher bar than showing that the factual findings were incorrect. *See Hale v. Cool*, 122 F.4th 637, 645 (6th Cir. 2024) (citing *Shoop v. Twyford*, 596 U.S. 811, 819 (2022)).  In addition, the petitioner must show that the state court's decision was actually *based on* the unreasonable factual determination. *See Rice,* 660 F.3d at 250.  In other words, the petitioner "'must show

10

that the unreasonable factual determination was the but-for cause of the state court's decision.'" *Randolph v. Macauley*, 155 F.4th 859, 869, (6th Cir. 2025) (quoting *Hale*, 122 F.4th at 645).

**B**

Here, the Michigan Court of Appeals made unreasonable factual determinations when it denied Martin relief on the Roberson Ineffective Assistance Claim. Those determinations appear in the following key passage from the state court's ruling:

> Although Martin claims that he invoked his right to counsel to end an interrogation in the carjacking case, he relies only on his affidavit in support of that claim. He has not produced any documents from the carjacking case to show that he was interviewed in that case, or that the interview ended because he invoked his right to counsel. Without corroboration for his claim that he previously invoked his right to counsel to end any interview in the carjacking case, it is not reasonably probable that the outcome of the suppression hearing would have been different if counsel had raised this issue. Martin's affidavit alone does not support his request that this matter be remanded for an evidentiary hearing on this issue.

*Martin*, 2020 WL 2095929, at * 6-7.

The court's determinations that Martin "relie[d] solely on his affidavit in support of [the] claim" and that he "ha[d] not produced any documents from the carjacking case to show that he was interviewed in that case" were plainly wrong – and, indeed, were unreasonable. As set forth in detail above, long before the

11

Michigan Court of Appeals rejected the Roberson Ineffective Assistance Claim, Martin had submitted to that court – indeed, to the same panel of judges who rejected the claim – several documents beyond his affidavit that showed that he had been subjected to the Armed Robbery/Carjacking Custodial Interrogation.   Those documents included DPD interrogation records that confirmed, as Martin said in his affidavit, that (1) DPD investigators had attempted to conduct the Armed Robbery/Carjacking Custodial Interrogation before they conducted the Howard Custodial Interrogation and (2) he had refused to answer questions during the Armed Robbery/Carjacking Custodial Interrogation.   The Michigan Court of Appeals simply missed that evidence. And in light of that evidence, the court's determination that Martin relied solely on his affidavit must be deemed unreasonable.

But the unreasonableness of that determination, standing alone, is not enough to satisfy Section 2254(d)(2); the state court's decision must have been "based on" that determination.   It was.   Indeed, the Michigan Court of Appeals expressly rejected the Roberson Ineffective Assistance Claim based on its mistaken belief that Martin relied solely on his affidavit and had not presented any evidence to corroborate any of his statements therein.   Accordingly, this Court concludes that Martin has shown that the Michigan Court of Appeals rejected the Roberson Ineffective Assistance Claim based on an unreasonable determination of the facts.

Respondent resists that conclusion.  He says that the Michigan Court of Appeals did not deny relief on the basis that Martin produced no documents to show that he had been subjected to the Armed Robbery/Carjacking Custodial Interrogation.[2]  Instead, Respondent contends, the state court denied relief based on its determination that Martin presented nothing to corroborate "his claim that he previously invoked his *right to counsel* to end any interview" during the Armed Robbery/Carjacking Custodial Interrogation. *Martin*, 2020 WL 2095929, at \*7 (emphasis added).  And Respondent says that the Michigan Court of Appeals could reasonably have drawn that conclusion based upon its review of the documents Martin submitted.  He notes that while those documents do reflect that Martin "refused" to be interrogated during the Armed Robbery/Carjacking Custodial Interrogation, the documents do not reflect *why* Martin refused to do so.  Most

---

[2] During the hearing before the Court, counsel for Respondent argued that the Michigan Court of Appeals' failure to acknowledge the documents that Martin submitted was not unreasonable because Martin did not attach the documents to his appeal brief, as required by Michigan Court Rule 7.212(c)(7).  The Court disagrees.  Martin obtained those documents after he filed his merits brief, and he submitted them when he filed his second motion to remand. (*See* ECF No. 4-27, PageID.1348.)  Importantly, the second motion to remand was decided by the same Michigan Court of Appeals panel that decided the merits of Martin's appeal.  Thus, the panel that made that decision should have been well aware of the documents, and Martin acted reasonably to bring those documents to the panel's attention.  Under these circumstances, the fact that Martin did not attach the documents to his original brief on appeal does not excuse the state court's failure to recognize and address the documents when resolving his appeal.

13

importantly, Respondent says, the documents do not state that Martin invoked his right to counsel as the basis of his refusal; the documents thus leave open the possibility that Martin invoked only his right to remain silent as the basis of the refusal.   Thus, Respondent concludes, the Michigan Court of Appeals could reasonably have determined, based upon its review of the documents, that the documents did not provide any corroboration for Martin's claim that he invoked his right to counsel to end the Armed Robbery/Carjacking Custodial Interrogation.[3]

That argument cannot be squared with the record in this case.  We know for a certainty that the Michigan Court of Appeals did not base its ruling on its review and assessment of the documents that Martin submitted, as Respondent suggests that court did.  We know that because, as explained above, it is clear from the Michigan Court of Appeals' decision – in particular, the passage where the court erroneously says that Martin did not submit anything other than his affidavit – that the court simply missed the documents.  Since the state appellate court did not review the documents, it could not have made, and did not make, any determination as to whether the language of those documents actually corroborated Martin's claim that he had invoked his right to counsel.  The Court therefore rejects Respondent's

---

[3] During the hearing before the Court, counsel for Respondent agreed that the description of his argument set forth above in text was correct.

contention that the state appellate court's decision rested upon its reasonable interpretation of the documents that Martin submitted.

For all of the reasons explained above, the Court concludes that the Michigan Court of Appeals rejected the Roberson Ineffective Assistance Claim based on its unreasonable factual determination that Martin offered nothing more than his affidavit to support the claim. Accordingly, Section 2254(d)'s relitigation bar does not preclude this Court's review of the claim and does not prevent the Court from holding an evidentiary hearing on the claim.

## IV

### A

The fact that the relitigation bar poses no obstacle to the Court's review of the Roberson Ineffective Assistance Claim does not mean that Martin is automatically entitled to an evidentiary hearing on that claim. A district court may not hold an evidentiary hearing if a petitioner has "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). Such a failure occurs only where "there is lack of diligence, or some greater fault, attributable to the [petitioner] or the [petitioner's] counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

Here, Martin exercised diligence in attempting to develop the factual predicate for the Roberson Ineffective Assistance Claim. He presented an unrebutted affidavit in which he stated that he invoked his right to counsel to end the Armed

15

Robbery/Carjacking Custodial Interrogation and that he told his trial counsel that he had done so several times in the months before trial on the Howard murder.  He also submitted documents to support his claims and filed repeated requests for evidentiary hearings in the state courts.  These efforts establish that Martin exercised the diligence that Section 2254(e) requires.

## B

Once diligence is established, a habeas petitioner is generally entitled to an evidentiary hearing if (1) the petitioner alleges facts that, if proven, would entitle him to relief, *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007), and (2) the state courts did not hold a full and fair evidentiary hearing. *See Sawyer v. Hofbauer*, 299 F.3d 605, 610-11 (6th Cir. 2002).  Martin satisfies both requirements and therefore is entitled to an evidentiary hearing.

## 1

Martin has alleged sufficient facts to make out a viable claim for ineffective assistance of counsel.  To succeed on an ineffective assistance of counsel claim, a petitioner must establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668 (1984).  "[A] single, serious error may support a claim of ineffective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986).  And "[s]uch an error can flow from a failure

to file a plainly meritorious motion to suppress." *Hendrix v. Palmer*, 893 F.3d 906, 922 (6th Cir. 2018).

Martin alleges facts that, if proven, demonstrate deficient performance and prejudice. Martin alleges that: (1) he invoked his right to counsel to end the Armed Robbery/Carjacking Custodial Interrogation, (2) despite having invoked that right, DPD officers initiated the Howard Custodial Interrogation hours later without providing him counsel, and (3) he repeatedly told his trial counsel about this *Roberson* violation, but counsel failed to move to suppress the inculpatory statement he made during the Howard Custodial Interrogation on that basis. If true, these allegations show that Martin's trial counsel failed to raise a meritorious basis for suppressing Martin's inculpatory statement. And the Court is hard pressed to see how counsel could have had a strategic reason for withholding a motion to suppress under *Roberson* – especially in light of the fact that counsel did file a motion to suppress on other, weaker grounds.

To establish prejudice, Martin "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a motion to suppress, Martin must show a reasonable probability that a motion to suppress based on an alleged *Roberson* violation would have succeeded. *See Lewis v. Curtain*, 632 F.App'x 788, 795 (6th Cir. 2015). If Martin's allegations are true, it is

17

reasonably likely that the state trial court would have suppressed his inculpatory statement from the Howard Custodial Interrogation based on Martin's request for counsel during the earlier Armed Robbery/Carjacking Custodial Interrogation.

For all of these reasons, Martin has alleged facts that, if proven, would entitle him to habeas relief.

**2**

Martin has also shown that the state courts denied the Roberson Ineffective Assistance Claim without holding a full and fair hearing. As discussed above, Martin supported the Roberson Ineffective Assistance Claim through his affidavit and supporting documents and requested an evidentiary hearing twice. Despite Martin's procedurally appropriate attempts to develop the record, the state courts denied relief without allowing him to develop a factual record in support of his claim. That denial of a meaningful opportunity to present evidence independently satisfies the second requirement for a federal evidentiary hearing.

**V**

For all of the reasons explained above, the Court **GRANTS** Martin an evidentiary hearing on the Roberson Ineffective Assistance Claim.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: January 13, 2026          UNITED STATES DISTRICT JUDGE

18

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126