**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


THOMAS JAMES MARTIN,

        Petitioner,                      Case No. 21-cv-12920

                                         Hon. Matthew F. Leitman

v.


JOHN CHRISTIANSEN,

        Respondent.

_____/

## ORDER REGARDING SUPPLEMENTAL BRIEFING

On June 8, 2026, the Court held an evidentiary hearing on Petitioner Thomas James Martin's claim that his trial counsel performed deficiently.  At the conclusion of the hearing, the Court identified certain topics the parties should address in supplemental briefs.  The Court has since identified the additional issue described below for supplemental briefing.

In the Court's order granting an evidentiary hearing, the Court included the following passage in which it rejected Respondent's interpretation of the Michigan Court of Appeals' ruling in this case:

> Respondent resists that conclusion.  He says that the Michigan Court of Appeals did not deny relief on the basis that Martin produced no documents to show that he had been subjected to the Armed Robbery/Carjacking Custodial Interrogation.  Instead, Respondent contends, the state court denied relief based on its determination that

Martin presented nothing to corroborate "his claim that he previously invoked his *right to counsel* to end any interview" during the Armed Robbery/Carjacking Custodial Interrogation. *Martin*, 2020 WL 2095929, at \*7 (emphasis added). And Respondent says that the Michigan Court of Appeals could reasonably have drawn that conclusion based upon its review of the documents Martin submitted. He notes that while those documents do reflect that Martin "refused" to be interrogated during the Armed Robbery/Carjacking Custodial Interrogation, the documents do not reflect *why* Martin refused to do so. Most importantly, Respondent says, the documents do not state that Martin invoked his right to counsel as the basis of his refusal; the documents thus leave open the possibility that Martin invoked only his right to remain silent as the basis of the refusal. Thus, Respondent concludes, the Michigan Court of Appeals could reasonably have determined, based upon its review of the documents, that the documents did not provide any corroboration for Martin's claim that he invoked his right to counsel to end the Armed Robbery/Carjacking Custodial Interrogation.

That argument cannot be squared with the record in this case. We know for a certainty that the Michigan Court of Appeals did not base its ruling on its review and assessment of the documents that Martin submitted, as Respondent suggests that court did. We know that because, as explained above, it is clear from the Michigan Court of Appeals' decision – in particular, the passage where the court erroneously says that Martin did not submit anything other than his affidavit – that the court simply missed the documents. Since the state appellate court did not review the documents, it could not have made, and did not make, any determination as to whether the language of those documents actually corroborated Martin's claim that he had invoked his right to counsel. The Court therefore rejects Respondent's contention that the state appellate court's decision rested upon its reasonable interpretation of the documents that Martin submitted.

(Order, ECF No. 12, PageID.2244-46)

In Respondent's supplemental brief, he shall present any arguments he may have as to why the Court erred in its analysis in the passage quoted above. Petitioner may also present arguments supporting the Court's above-stated analysis, if he wishes to do so.

The parties are not limited in their supplemental brief to addressing only the issues referenced in this order or those identified at the conclusion of the evidentiary hearing.  The parties are free to make additional arguments relevant to the issues before the Court.  The filing deadlines set forth in the Court's June 8, 2026, minute entry remain unchanged.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126